JOHN BARTELS, Respondent, *against* MICHAEL MOORE, Appellant.

(Decided April 5th, 1880.)

In an action against a father for goods furnished to his infant son, alleged to have been necessaries for the son's use, the facts that receipts for payments by the son were given to him in his own name by the plaintiff, and that the bill for the balance presented to the father was also made out by the plaintiff to the son, are, if not explained or accounted for, conclusive that the credit was given to the son, and not to the father, and a verdict for the plaintiff should be set aside as against the evidence.

APPEAL from a judgment of the general term of the marine court of the city of New York, affirming a judgment of that court entered upon the verdict of a jury.

The action was brought to recover for clothing supplied by the plaintiff to the minor son of the defendant, as necessaries. The facts are stated in the opinion. Upon trial, the jury found for the plaintiff, and judgment for the plaintiff was entered on the verdict. From the judgment the defendant appealed to the general term of the marine court, which affirmed the judgment; and from this decision the defendant appealed to this court, which reversed the judgment and ordered a new trial. On the second trial, the jury again found for the plaintiff, and a motion by the defendant for a new trial was denied, and judgment entered on the verdict. From the judgment and order denying a new trial the defendant again appealed to the general term of the marine court, which affirmed both. From the judgment of the general term the defendant appealed to this court.

*John T. McGowan*, for appellant.

*Reddy & Fromme* and *S. Jones*, for respondent.

CHARLES P. DALY, Chief Justice.—This is a case in which the testimony was conflicting, and ordinarily, in such a

case, where the cause is tried by a jury, the verdict of the jury, upon the questions of fact, is conclusive, and cannot be reviewed. There are, however, certain facts in respect to which there is no dispute.   The clothing furnished to the son, to recover for which the action was brought against the father, was furnished by the plaintiff to the son, Peter Moore, when he, Peter, was a minor, about nineteen years of age; and in the winter of 1865 and 1866, clothes were made for the son by the plaintiff, the testimony being conflicting, whether they were ordered by the father or the mother of the boy ; but it was by one or the other.   The fact that the father ordered from the plaintiff clothes for his son when he was a mere child, and paid for them, would not authorize the plaintiff to furnish clothes to the son, when he was nineteen years of age, on his father's credit, unless the father expressly authorized it ; and the testimony, which the plaintiff produced, to show that the father gave authority to the son, at that age, to order clothing from the plaintiff on the father's credit, was of a loose, unsatisfactory and suspicious kind, as it consisted in alleged declarations, on the part of the father,—a species of evidence which is easily fabricated, and the whole of which is denied,—the father testifying that he never knew that his son was furnished with the clothing sued for, by the plaintiff, until the bill was presented to him in 1876, shortly before the action was brought.   It further appeared, and the fact was not contradicted, that, at the time when the son ordered this clothing from the plaintiff, from October 13, 1874, to July 14, 1875, the son had a situation in a house in this city, at an annual salary of $900 a year, and was living with his father, so that he had the means, independent of his father, to pay for his clothing, and might, therefore, properly order it himself, which he did, between these periods, making payments to the amount of $96, on the account that was running with the plaintiff, namely, at four several times, from November 4, 1874, to March 16, 1875, leaving a balance of $172.50, which the son testified he was unable to pay, because he had lost his situation.   The son's testimony was, that he went to the plaintiff to order clothing, because he had seen clothing on some of his companions made

Bartels *v.* Moore.

by the plaintiff, which he liked better than the clothes he then had made by others; that he went to the plaintiff's store, told him this, and that he wanted a suit of clothes made, and told him he would pay him when he received his money for the first month, explaining to him that he had a situation in a house, and was getting a salary of $900 a year, which statement, on the part of the son, is denied by the plaintiff. There is, however, one fact which was controlling, unless the plaintiff could explain or account for it—which is, that he gave the son, on March 16, 1875—the day of the last payment—a receipt on the son's account for $71, and that the bill presented to the father, in which those payments were allowed, and the balance due upon which was $172.50, was made out, not to the father but to the son, thus corroborating the son's statement, and showing by the plaintiff's own act, in writing, that the credit was given to the son, and not to the father. It has been repeatedly held, so as to make it unnecessary to cite the authorities, in actions brought against the husband to recover for necessaries furnished by a tradesman to the wife, that if credit was given to the wife, the goods were charged to her, and the bill was made out in her name, that that fact is conclusive to show that the credit was given to her and not to the husband, unless the tradesman can explain satisfactorily why the bill was made out to the wife. This is equally applicable to the present case. No explanation whatever was given upon the trial to show why the receipt for the payments made on account was a receipt made out to the son and not to the father; and that the bill for the balance of the account which was delivered to the father, was not made out to him, but to the son. This was decisive in the case to show that the credit was given to the son, and that the action could not be maintained against the father. As a matter of law, therefore, the verdict was against evidence, and the judgment should be reversed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed.